EDWARD P. CONROY *v.* THE UNION LABOR LIFE INSURANCE COMPANY ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF ANSONIA-MILFORD | FILE No. 001236 |
| --- | --- | --- |

Memorandum filed September 27, 1978

*Gary I. Cohen,* for the plaintiff.

*Wiggin & Dana,* for the named defendant.

*Norman Zolot,* for the defendant, Local 443, Transportation Health and Welfare Fund.

O'SULLIVAN, J. The plaintiff has sued on a group insurance policy issued by the Union Labor Life Insurance Company to the Trustees of Local 443, Transportation Health and Welfare Fund. He was injured in a one-car automobile accident and he incurred certain expenses for which he claimed, as a beneficiary of the policy, he was insured. It appeared through interrogatories directed to him that he did not have any insurance on his car.

In special defenses in the answers of both of the defendants it was claimed that the plaintiff was required by General Statutes § 38-327 to provide security for basic reparations benefits, that by virtue of his failure to have such insurance he was personally liable for the payment of the basic reparations benefits, that the group insurance policy in question provides that benefits payable under it are to be reduced by benefits provided by certain other plans including automobile no-fault insurance policies and coverage required by any statute, that because he failed to provide the basic reparations benefits he is deemed to have self-insured himself for such benefits and that therefore the defendants are not responsible to him for the expenses claimed.

Each defendant moved for summary judgment that it is not liable to the plaintiff for the first $5000 of his economic losses. The $5000 is the amount of no-fault insurance required by statute.

The defendants claim that the group insurance policy in question contains a provision which reduces benefits under the policy by the amount of benefits provided by certain other "Plans" for the same expenses and that the term "Plan" is defined to include

"any coverage required or provided by any statute and . . . any group or individual automobile 'No-Fault' insurance policy." The defendants further claim that they are not liable to the plaintiff for the first $5000 of benefits because that amount is included in the basic reparations benefit under the no-fault law.

That part of the insurance policy to which the defendants refer is a rider to the policy, "Providing for Co-Ordination Between the Group Policy and Other Benefits With Respect to Anti-Duplication of Benefits." Paragraph 1 of this rider states its purpose: "[B]enefits otherwise payable under the Group Policy for Allowable Expenses . . . shall be reduced to the extent necessary so that the sum of such reduced benefits under all Plans shall not exceed the total of such Allowable Expenses."

As the defendants point out "Plan" refers to any coverage required by statute and any "No-Fault" insurance policy. The purpose of the rider is obviously to prevent a claimant receiving more than his losses if he is covered by some plan of insurance other than the policy in question. The rider does not state that benefits are not payable where, as in the present situation, the claimant did not have "No-Fault" insurance. The special defenses of the defendants therefore have no legal significance.

In argument, counsel for one of the defendants stated that statistics show that many cars in Connecticut are not insured as required and so the problem caused by the present suit may recur in the future. The court noted from the documents in the file that the policy in question originally was issued about 1958 and has been amended at least twenty-five times. If there is a problem of any magnitude, obviously it could be solved by an additional amendment applying to the situation of no insurance.

The plaintiff also filed a motion for summary judgment. As the defenses to the suit are legal ones which have been ruled of no effect, the plaintiff shall prevail on his motion.

The defendants' motions for summary judgment are denied.

The plaintiff's motion for summary judgment is granted. If agreement cannot be reached as to the amount of the expenses due the plaintiff, a hearing will be granted on request of any party to determine the proper amount.